## JAMES W. LOUGH

*vs.*

## JOHNSON BRAGG, *et al*

A former appeal taken in this action having been determined by this court, judgment was entered in the district court (from which the appeal was taken) agreeably to such determination, and agreeably to the mandate issued from this court.   Defendants take an appeal from such judgment, such appeal being, as they urge, "in the nature of a motion for a re-argument, based upon the ground, that upon the former examination of the case this court fell into an important error of fact.   *Held*, that if such error was committed, the proper remedy was by an appeal to this court for leave to re-argue, according to the customary practice.

Examination of the former decision for the purpose of showing that the alleged error was not *important* in the decision of the former appeal.

This action was commenced in the district court for Scott county, and came to this court on an appeal taken by the plaintiff from an order of that court denying his motion for judgment notwithstanding the verdict which had been rendered therein for the defendants.   Such order was reversed by this court, and said district court was by its mandate directed to enter judgment for the plaintiff, for the amount of the note sued on, notwithstanding the verdict.   The case is fully reported in 18 *Minn.* 121.   Upon the filing of the mandate of this court in the court below, the defendants moved that court for leave to put in an amended and supplemental answer.   The opinion of Hon. A. G. Chatfield, judge, denying the motion,

contains a full statement of the case and the new matter sought to be pleaded and is as follows:

" The defendants move for leave to make an amended and supplemental answer to the plaintiff's complaint in this case.

" The case was tried at the term of this court held in November, 1869, when the jury rendered a verdict in favor of the defendants. Subsequently the plaintiff moved for judgment *non obstante veredicto*, or, in case such judgment should be refused, then that the verdict be set aside, and a new trial ordered. The motion was founded upon the alleged ground that the defendants' answer did not, nor did the evidence as exhibited in a case made and settled by stipulation, allege or prove facts sufficient to constitute, in the law, any valid defense to the action on the promissory note described in the said complaint. Such motion was denied by the district court, and from the order denying it the plaintiff appealed to the supreme court. In determining the case on said appeal, the supreme court not only considered the defense as alleged in the defendants' answer, but also the facts proved in the defense on the trial as exhibited in said case, and as if the answer had been so amended as to conform to the facts so proved; the allegation contained in the answer being materially different from the facts proved upon the trial. So considering the whole case, the supreme court determined that neither the answer nor the evidence exhibited any legal or valid defense to the action on the said note, and reversed the said order of the district court, and ordered judgment to be entered therein in favor of the plaintiff, and a mandate to that effect has been sent from the supreme court to this court.

" In defense of this motion the plaintiff's counsel insists that the said mandate is imperative upon this court, and that this court has not any authority or jurisdiction to make any order

to stay such judgment, or to impair it, or prevent either its entry or execution. It is certainly true that the order and mandate that came down from the supreme court to this court are obligatory upon it. It is also true that when a case is by the supreme court remitted to this court, its jurisdiction of the case is fully restored; such jurisdiction is, in its exercise, to be guided and controlled by the mandate of the supreme court, unless, and until, some *new* cause or equity is exhibited, showing such mandate to be, in its effect, unjust, subversive of the legal rights and interests of the party. When such *new* cause is properly exhibited in such a case, I think the district court has the necessary jurisdiction to take cognizance of it and competent authority to relieve against any such effect of the mandate. The new cause to be shown must be such as to prove the case to be, in point of fact and of law, different from the presentation upon which the mandate was founded, for so long as the presentation is the same, in law and in fact, the mandate is obligatory.

" The answer which the defendants now ask leave to interpose, is two-fold—amendatory and supplementary. So far as it is amendatory, every material fact alleged in it has been exhibited to this court and to the supreme court in the defendants' former answer, and in the proofs. Upon such presentation of the case, the supreme court has determined that such facts do not constitute any defense of the action, and, by its mandate, has ordered this court to render judgment in favor of the plaintiff and against the defendants, for the amount due on the note on which the action is founded. On this ground, the leave asked to interpose the new answer, must be denied. There is also another good reason why the *amended* answer ought not to be allowed. The defendants do not, in the papers upon which they ask such leave, pretend that they have been surprised, or in any way misled, by any want of knowledge or

misapprehension of the facts of the case, at the time when they made their first answer in the case. For aught that appears, they fully understood the facts then, precisely as they do now, and no reason or excuse is given why they did not then present the facts as they now propose to do. And it is affirmatively certain that, at the trial of the case before the jury, the defendants were fully informed, and then clearly understood that the facts alleged in the proposed amended answer existed, and that such facts were different from, and to a very considerable extent, inconsistent with, the allegations contained in their original answer. To enable the defendants to avail themselves of the benefit of the facts so proved, and not alleged in their answer, they should have then asked and obtained leave to so amend their answer as to conform it to the proofs. In strictness, they could not otherwise claim, or be entitled to, any benefit from such facts. But they proceeded to verdict and judgment on their original answer as it was, and upon that and the proofs showing such facts, the case was taken to the supreme court. That court considered the case, not only upon the answer so made, but also, as if the answer had been so amended as to conform it to the facts proved upon the trial, and so considering the case, decided it against the defendants. Under such circumstances, it would, as it seems to me, be a great stretch, if not an abuse, of discretion, to allow the defendants to amend their answer as they now ask leave to do. Parties, in making their pleadings, are bound to present the facts as they, in good faith, believe them to exist; and, if in so presenting the facts, they are mistaken or under a misapprehension, courts are generally very indulgent and ready to allow the error to be corrected by amendment, provided the parties move with reasonable diligence after the error is discovered. But courts will not allow parties to stand upon pleadings known to be deficient, or errone-

ous in fact, and experiment with them through the court of *dernier resort,* and then ask and obtain leave to make a new case, or defense, by amendment. In this case, it does not appear that there was any mistake or misapprehension of fact, when the answer was made, and the defendants have rested upon that answer too long and too far to be now allowed to amend, and allege facts within their knowledge when that answer was made, or when the trial was had.

"So far as the proposed new answer is supplementary, it consists of two allegations. The first is that on the 26th day of December, 1871, the defendant, Bragg, executed and tendered to plaintiff a deed re-conveying to him the land for which the note sued on was given, and that plaintiff refused to accept or receive it. This is an act of Bragg since the determination of the case by the supreme court, and was, doubtless, suggested by some expression contained in the opinion of that court. It is in that opinion stated that, ' Bragg has received a valuable consideration for the note, and that consideration he retains, not having taken any steps on his part to rectify the alleged mistake by re-conveying, or offering to re-convey the land conveyed. If he desires to rescind the contract so as to avoid his own liability under the same, he must place the plaintiff in *statu quo,* or at least offer to do so.' While these expressions were very natural, and correct in principle, they were not necessary or relevant to the question to be determined. The question was whether the note had been avoided, and not how it could have been, or could be avoided. It was, however, but the expression of a principle as applicable to the case before the action on the note was commenced, as it was when the expression was made in the opinion of the supreme court ; and the rule is, that when a party to a contract has, in the law, a right to rescind the same for any cause, he must do so with reasonable diligence. He

cannot be properly allowed to experiment in litigation upon the contract, and, after being beaten, rescind it, and, by supplementary pleading, allege such rescision and avoidance and have a new trial for the purpose of testing that question. If Bragg had a lawful right to rescind the contract under which the note was given, and so avoid it, he should have availed himself of that right with reasonable promptitude, after he became cognizant of the facts affording him that right. Omitting to do that within a reasonable time, the law will presume that he elected to stand upon the contract and rely upon its obligations. It will not do to allow him to wait till an appellate court, by expressions *obiter dictum*, shall tell him how to exercise such right, if he has it. His ignorance of the law affording such right, until so informed by the appellate court, will not excuse him, nor will the mistake of counsel, in omitting to direct such offer of rescision, and to plead it in the first answer. The law of the case on that particular point, was then precisely as it is now, and it was the duty of defendant, Bragg, to avail himself of its benefits then or never. Omitting to do it then was a waiver of his right to do it at all. But it was very questionable whether Bragg ever had a right to rescind the contract and defeat the note, under the circumstances of the case. The proposition involves the inquiry as to whether he had it in his power to restore plaintiff to the condition in which he was, in his relation to Bragg, at the time when the note was made. It is quite certain that he could not do it on the 26th day of December, 1871, and if he could not, his right to rescind, if he ever had any, was, for that reason, gone. It is not necessary, however, to decide this point, for it seems to me quite clear, as a matter of law, that Bragg had, by his acts and omissions, waived his right to rescind the contract, if he ever had it. It is not necessary, or perhaps proper, to indicate on this motion, what remedy Bragg

Lough v. Bragg et al.

has in this matter. It is manifest justice that he should have the identical property for which the note was given, when he pays the note. It was, in defense of this motion, shown that there is pending in this court an action to so reform several deeds as to correct the descriptions therein, and among them is the said deed from plaintiff to defendant, Bragg, and thereby to vest in Bragg the title to the very premises indicated by the parties to it, and on which the said house stands, and that Bragg is resisting the said action—opposing the granting and entry of said decree. A proper decree to that effect would secure to him the very property for which the note was given; and unless there exists some very good reason why said decree ought not or cannot be made, his resistance of it would seem to cast a cloud upon his good faith in resisting, in the way in which he proposes to resist, this action as well as that. Not having seen his action in that case, I cannot judge of either its sincerity or propriety. It may be perfectly right and proper, but it does appear somewhat strange and singular that he should resist the entry of a decree securing to him the property in which he has so considerable amount of money invested. The evidence of such action pending, and of the resistance of it by Bragg, is given on this motion for the purpose of impeaching his good faith in making it. Whether or not it has that effect it is scarcely necessary to determine, for the leave to make the defense proposed in the said supplemental matter, must be denied on the other ground stated.

"A second supplemental matter alleged in the defendants' proposed new answer, is this—that since the trial of this action in the district court, the plaintiff has become wholly insolvent and irresponsible. The conclusion hereinbefore stated, that Bragg had, by his acts and omissions, waived all right to rescind the contract, and so avoid the note, makes the plaintiff's pecuniary condition immaterial. He owns the note, and may

maintain his action upon it, whether rich or poor, solvent or insolvent. If the plaintiff is under any pecuniary obligations or liabilities to the defendants, or under any to Bragg alone, growing out of the transaction in which the note was given, the same might, and should have been pleaded and proved as matter of counter-claim or recoupment. They would have been proper matters of defense in that form, and, if true, would have fully protected the defendants, or each of them, against any loss by reason of plaintiff's insolvency, if insolvent he is. But they are not proposed to be so pleaded, and the plaintiff's insolvency is so proposed to be pleaded as one reason why the note, which is proposed to be avoided, ought not to be enforced, and as a reason why Bragg ought, at this late day, to be allowed to rescind the contract under which it was given, and then avoid it. As the attempt to so avoid the note *now*, cannot be allowed, neither the plaintiff's right of action on the note, or the defendants' proposed new defense can be affected by the plaintiff's solvency or insolvency.

"The motion for leave to make the proposed amended and supplemental answer to the plaintiff's complaint in this action, must be denied, with costs. Order accordingly."

Judgment was thereupon entered for the plaintiff. The defendants appeal from the order denying their motion to put in amended and supplemental answer, and from the judgment.

L. M. BROWN, for Appellants.

J. L. MACDONALD, for Respondent.

*By the Court.*—BERRY, J.—Two appeals are taken in this case. One is taken from an order by which the court below refused to permit defendants to put in an amended and supplemental answer.

Defendants' motion for leave to interpose such answer was

addressed to the discretion of the court, and we see no reason for questioning the propriety of the exercise of such discretion in this instance.    The denial of the motion is, in our opinion, amply justified by the reasons given by the learned judge of the district court.

As to the other appeal, the facts are as follows : This action was once before brought to this court, upon appeal from an order of the district court denying plaintiff's motion for judgment, notwithstanding the verdict rendered for defendants. By the decision of this court, the order thus appealed from was reversed, and the district court directed to render judgment for the plaintiff.    Judgment was accordingly rendered by the district court, agreeably to such direction, and in obedience to the mandate of this court.    From this judgment the defendants appeal at this time.    Defendants' counsel makes the following statement in his brief, viz : " We bring up the judgment for review in this court, only in the nature of a motion for a re-argument," and as ground for such re-argument, it is claimed that this court fell into an important error of fact in its former examination of the case.    If the error suggested was committed, the proper remedy was by an application to this court for leave to re-argue, according to customary practice.    *If, under any circumstances, a departure from this practice could be justified,* the case at bar presents no features which should take it out of the ordinary rule.    No facts are made to appear showing that defendants could not, by the exercise of ordinary diligence, have secured a re-argument if there was any occasion for one.    So far as appears, there is no greater hardship in this case than in any other in which a party has lost an opportunity for re-argument by not applying for it in season.

In justice to ourselves, however, we feel bound to say that as a reference to the opinion will show, the alleged error of

Lough v. Bragg et al.

fact was not, as counsel seems to think, *important* in the decision of the former appeal. We then determined that the answer set up no valid defense to the note which was the subject of the suit, and that, therefore, the motion for judgment notwithstanding the verdict, should have been granted Having thus determined the appeal, it was not strictly necessary for us to proceed (as we did,) to the consideration of evidence which was introduced for the purpose of proving what was not pleaded in the answer, and which was objected to. It was in considering this evidence that we made the statement alleged to be erroneous in point of fact, viz.: that "the evidence tended to show that the deed (from plaintiff to Bragg,) conveyed a perfect title to the land therein described, and there was no evidence whatever to the contrary." It will be seen then that the alleged error was not *important* in the determination of the appeal, since *that* had already been determined upon its merits, before the court entered upon the examination of the evidence We will only add that, perhaps, on account of his own familiarity with the ground, the counsel failed to appreciate the obscurity of the evidence, and the aid which our researches would have received from a map, or a more elaborate argument.

Order and judgment affirmed.